IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


OTTIS DANIEL MCRAE                                                    PLAINTIFF


VS.                              CASE NO. 04-CV-1087


UNION COUNTY, a subordinate political
entity in the State of Arkansas; KENNETH
JONES, Sheriff of the Union County Sheriff's
Office, in his individual and official capacity;
and various JOHN DOES of Union County
and/or the Union County Sheriff's Office,
policy makers, supervisors, agents, and/or
employees, in their individual and official
capacities                                                           DEFENDANTS


## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed on behalf of the Defendants,

Union County and Sheriff Ken Jones.  (Doc. No. 36).  The Plaintiff, Ottis Daniel McRae, has

filed a response to the motion.  (Doc. No. 40).  The matter is ripe for consideration.

## BACKGROUND

In February 2004, the Plaintiff, Ottis Daniel McRae, suffered a heart attack and

underwent surgery to place a stent in his heart.  He was prescribed nitroglycerin for his heart

condition.  For the next four months, McRae continued to occasionally have trouble with his

heart.

On July 3, 2004, McRae was arrested for domestic battery, third degree, on a complaint

filed by his wife.  At the time of his arrest, McRae was on parole.  Thereafter, McRae was held in

the Union County jail on a parole violation.  He remained there until August 16, 2004, when he

was transferred to the Arkansas Department of Corrections.

While incarcerated in the Union County jail, McRae submitted four written sick call request slips.  As a result, McRae saw the jail's physician, Dr. James Seale, on four separate occasions—July 8, 2004, July 14, 2004, July 22, 2004 and August 12, 2004.

On July 8, 2004, McRae saw the doctor for trouble with his right knee due to falling from his cell bunk.  On July 14, 2004, he saw the doctor after he reported that his ear was bleeding and his feet were dry and bleeding.  On July 22, 2004, McRae saw the doctor a third time complaining that his right knee was still hurting due to his fall two weeks earlier.

Then, on August 3, 2004, McRae claims that he suffered a heart attack.  McRae claims that he asked to be taken to the Emergency Room but his request was denied.  McRae claims that he continued to have chest pains for the next ten days and continued to ask to be taken to the Emergency Room.  McRae also claims that during this time his wife tried to obtain medical treatment for him but her requests were also denied.

On August 10, 2004, McRae's wife and his attorney went to the Union County jail and hand delivered copies of McRae's medical records along with a letter requesting medical treatment for McRae.

On August 11, 2004, McRae submitted a written sick call request slip asking to see the doctor for chest pains.  On August 12, 2004, McRae was seen by Dr. Seale.  During the examination, McRae told Dr. Seale that he had a heart condition, had been prescribed nitroglycerin and had been having chest pains for about a week and a half.  He also told the doctor that he had a nervous condition for which he had been taking Ativan.  McRae told the doctor that he had been out of the Ativan for about ten days and would like the prescription

2

refilled.

Dr. Seale examined McRae and found that his blood pressure was 160 over 84, his pulse rate was 76, his chest wall was not tender, his heart sounded good, his lungs were clear and his abdomen was normal. From his examination, Dr. Seale determined that McRea was not having heart problems, but rather, he was having anxiety problems.

On August 12, 2004, McRae filed this Complaint alleging that the Defendants, Union County and Sheriff Ken Jones, were depriving him of medical care in violation of the Eighth and Fourteenth Amendments of the United States Constitution. McRae also filed a Motion for Ex Parte Emergency Temporary Relief asking the Court to order the Defendants to immediately take him to the Emergency Room and/or hospital for appropriate medical care.

On August 13, 2004, the Court held a hearing on McRae's request for emergency temporary relief. The evidence presented at the hearing showed that McRae had been seen by a licensed medical doctor the day after he submitted a written sick call request. The treating physician testified that it was his medical opinion that the Plaintiff was suffering from an anxiety attack, not a heart attack. From the evidence presented to it, the Court determined that McRae had received sufficient medical care in a timely manner and denied his request for emergency temporary relief.

On August 16, 2004, McRae was transferred to the Arkansas Department of Corrections. While at the ADC, McRae was given a EKG which indicated that McRae suffered from a heart condition.

McRae appealed the Court's denial for emergency temporary relief to the Eighth Circuit Court of Appeals. The Defendants filed a Motion to Dismiss. The Eighth Circuit granted the

Defendants' motion finding that McRae's argument was moot.  McRae filed a Motion for Rehearing which was denied.   The case was then remanded back to this Court.

   This matter is now before the Court on Defendants' Motion for Summary Judgment.

<u>STANDARD OF REVIEW</u>

   The standards for summary judgment are well established.  In determining whether a summary judgment should be issued, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 374, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Celotex Corp. v. Citrate,* 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavits or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed.R.Civ.P. 56(e);  *Anderson,* 477 U.S. at 256;  *Krenik v. County of LeSueur,* 47 F.3d 953, 957 (8th Cir. 1995).  A fact is material only when its resolution affects the outcome of the case.  *Anderson,* 477 U.S. at 248;  *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Id.* at 252.  To survive summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' " *Wilson v. Int'l Bus. Machs. Corp.,* 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted); *Putman v. Unity*

4

*Health System,* 348 F.3d 732, 733-34 (8th Cir. 2003).

<u>DISCUSSION</u>

Ottis McRae filed this action under 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments of the United States Constitution. McRae claims that the Defendants, Union County and Sheriff Ken Jones, were deliberately indifferent to his serious medical needs when they failed to respond to his requests for medical attention.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. This prohibition is applied to the States through the Fourteenth Amendment. A prisoner's allegation of inadequate medication attention was recognized as a potentially viable claim for a violation of this prohibition, via a § 1983 cause of action, in *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To make out a violation of the Eighth Amendment, an inmate must prove "deliberate indifference" to a "serious illness or injury". *Estelle,* 429 U.S. at 105. The standard for "deliberate indifference" includes an objective and subjective component. *Beyerbach v. Sears,* 49 F.3d 1324, 1326 (8th Cir. 1995)(citing *Farmer v. Brennan,* 511 U.S. 825 834 (1994)). First, the prison official must deprive the inmate of a right that is objectively "sufficiently serious" to rise to the level of a constitutional violation. *Farmer v. Brennan,* at 834. The "act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* (internal quotations omitted). Second, "[t]o violate the Cruel and Unusual Punishment Clause a prison official must have a sufficiently culpable state of mind." *Id.* (internal quotations omitted). "[T]hat [subjective] state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* Deliberate indifference exists when the prison official "knew of yet disregarded, an excessive

5

risk to his health." *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997)(quoting *Logan v. Clarke,* 119 F.3d 647, 649 (8th Cir. 1997)). Thus, in order for McRae to succeed, he must "demonstrate (1) that [he] suffered objectively serious medical needs, and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997). Deliberate indifference may be manifested by prison officials intentionally denying or delaying access to medical care, or interfering with an inmate's proscribed medical treatment. *Meloy v. Bachmeier,* 302 F.3d 845, 849 (8th Cir. 2002)(citing *Estelle,* 429 U.S. at 104-05; *Roberson v. Bradshaw,* 198 F.3d 645, 647 (8th Cir. 1999).

A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir. 1995)(quoting *Johnson v. Busby,* 953 F.2d 349, 351 (8th Cir. 1991)); *see also Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir. 1997). When a prisoner alleges that a delay in medical treatment is a constitutional deprivation, the objective seriousness of the deprivation is also measured by reference to the effect of the delay in treatment. *Coleman,* at 784 (citing *Crowley v. Hedgepeth,* 109 F.3d 500, 502 (8th Cir. 1997)); *see also Beyerbach,* at 1326. "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Coleman,* at 784; *Beyerbach,* at 1326; *see also Senty-Haugen v. Goodno,* 462 F.3d 876 (8th Cir. 2006)(affirming summary judgment against prisoner who alleged that prison officials delayed treatment of his heart condition, where prisoner failed to present evidence that alleged delay worsened his condition). A failure by an inmate to place in the record such

6

supporting medical evidence to establish the detrimental effect of the alleged delay in medical treatment "precludes a claim of deliberate indifference to medical needs." *Coleman,* at 784 (citing *Crowley,* at 502). In this case, McRae is claiming that he suffered from a heart condition and that the Defendants' delay in providing him with medical care amounted to deliberate indifference to his serious medical needs.

In order to establish a Eighth Amendment violation, McRae must first establish that he suffered from an objectively serious medical need. As stated above, a medical need is "serious" if it has been diagnosed by a physician as mandating treatment or if it is so obvious that even a lay person would recognize that necessity for a physician's treatment. *Coleman,* at 784; *Roberson,* at 648. The record shows that in February 2004, McRae was diagnosed with an acute cardial infarction. This condition by definition can be a serious medical condition. However, when an inmate's claim is based upon a delay in treatment, as McRae's is here, the objective seriousness of the alleged deprivation is also measured by reference to the effect of that delay on his condition. Therefore, to succeed on his claim, McRae must place in the record verifying medical evidence to establish the detrimental effect of the delay. *Coleman,* at 784 (citing *Crowley,* at 502). McRae must show that the Defendants' alleged delay of medical care adversely affected his heart condition. *See Coleman,* at 784; *Crowley,* at 502; *Sentry-Haugen,* at 890.

In response to Defendants Motion for Summary Judgment, McRae has presented various medical records showing that he was suffering from a heart condition during the time he was incarcerated at the Union County jail. However, there is no evidence showing that McRae's heart condition worsened because of the alleged delay in treatment. Therefore, he has failed to

7

establish that the Defendants' alleged delay in medical treatment adversely affected his heart condition. This failure precludes McRae's claim that the Defendants' delay in providing him with medical care amounted to deliberate indifference to his medical needs.

<u>CONCLUSION</u>

Based upon the foregoing, the Court finds that Plaintiff Ottis Daniel McRae has failed to present any genuine issues of material fact to establish that the Defendants violated his constitutional rights. Therefore, they are entitled to judgment as a matter of law. Accordingly, the Defendants' Motion for Summary Judgment is hereby **granted**. A separate judgment consistent with this Opinion will be entered.

IT IS SO ORDERED, this 20th day of July, 2007.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge